

**BRIAN E. FROSH**
*Attorney General*

**ELIZABETH F. HARRIS**
*Chief Deputy Attorney General*

**CAROLYN QUATTROCKI**
*Deputy Attorney General*

FACSIMILE NO.
(410) 576-6437

**KATHERINE D. BAINBRIDGE**
*Division Chief*

**ELENA LANGRILL**
*Deputy Chief for Advice*

WRITER'S DIRECT DIAL NO.
(410) 576-7917

# STATE OF MARYLAND
## OFFICE OF THE ATTORNEY GENERAL
### HIGHER EDUCATION DIVISION

E-mail: psheridan@oag.state.md.us

April 22, 2022

**VIA ECF**

The Honorable Gina L. Simms
United States Magistrate Judge
United States District Court for the
 District of Maryland (Southern Division)
6500 Cherrywood Lane
Greenbelt, Maryland 20770

    Re:    *Broadway v. University of Maryland Global Campus*
               Civil Action No. 8:21-cv-03226-GLS

Dear Judge Simms:

      The Office of the Attorney General represents the University of Maryland Global Campus (the "University"), the defendant in this matter. Pursuant to the Court's Letter Order Regarding the Filing of Motions (ECF 19), the University requests permission to file a motion to dismiss the amended complaint filed by the plaintiff, Kiondra Broadway, under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

      Ms. Broadway, who was hired by the University in 2017 as a Program Coordinator, alleges that her employment was terminated in 2021 because of her "age, race, and in retaliation for filing grievances," and that she "endured workplace harassment, retaliation, and bullying based on disability, race, and marital status since September 2019." Amended Compl., ECF 12, at ¶¶ 9-10. She contends that she reached out "on multiple occasions" to upper management to try to resolve her concerns, and in retaliation, her supervisors filed a "false reprimand action" against her "to constructively discharge her from her employment." Amend. Compl. at ¶¶ 11-12.

      Ms. Broadway alleges that she filed two grievances in May 2020, and a request for accommodations on June 17, 2020. Amend. Compl. at ¶ 21. She asserts that the University "attempted to circumvent her accommodations," informing her that "her medical accommodations were either already supplied or were to be modified." Amend. Compl. at ¶¶ 22-23, 28. She states that the University then approved her request on July 9, 2020. Amend. Compl. at ¶ 24.

Ms. Broadway makes several complaints regarding the grievance hearing and appeal process, including that the recommendations of the hearing officer were implemented "prior to receiving the hearing officer determination," that she was not initially supplied an appeal form, that the form she was ultimately provided "was modified to omit" appeal options, and that her request to have the University's president serve as the hearing officer in a step three hearing was denied. Amend. Compl. at ¶¶ 31-32.  She alleges that she was discharged on November 30, 2021, "ostensibly for professional and scholarly misconduct which resulted in a disruption to business operations." Amend. Compl. at ¶¶ 34.

Based on these allegations, Ms. Broadway claims that she was subjected to race discrimination, retaliation, and a hostile work environment in violation of Title VII (Counts I and III), and disability discrimination and retaliation in violation of the Americans with Disabilities Act (the "ADA") (Count II).[1]

Ms. Broadway's claim under Title I of the ADA (Count II) is barred by the Eleventh Amendment.  U.S. Const. amend. XI. The "ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court. *Bd. of Trs. of Univ. of Alabama v. Garrett*, 531 U.S. 356, 363 (2001) (citing *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 73 (2000)). Congress may abrogate a state's Eleventh Amendment immunity only where "it both unequivocally intends to do so and 'act[s] pursuant to a valid grant of constitutional authority." *Garrett*, 531 U.S. at 363 (quoting *Kimel*, 528 U.S. at 73.) Congress has not abrogated state sovereign immunity with respect to Title I of the ADA. *See Garrett*, 531 U.S. at 364, 374. Eleventh Amendment immunity thus bars suits for money damages under Title I of the ADA in federal courts against state entities. *See id.* at 374.

The University is a constituent institution of the University System of Maryland ("USM"), an instrumentality of the State of Maryland. Md. Code Ann., Educ. §§ 12-101(b)(6)(iv), 12-102(a)(2).  USM and its constituent institutions are arms of State government for purposes of Eleventh Amendment immunity. *MedSense, L.L.C. v. Univ. Syst. of Md.,* 420 F. Supp. 3d 382, 391 (2019). Although a state may waive Eleventh Amendment immunity, Maryland has not waived its immunity from claims under Title I of the ADA. *See McCray v. Md. Dep't of Transp.,* 741 F.3d 480, 483 (4th Cir. 2014). Ms. Broadway's claims for monetary relief, therefore, may not proceed against the University, and Count II should be dismissed for lack of subject matter jurisdiction.

Ms. Broadway also alleges that the University retaliated against her in violation of Title V of the ADA for engaging in protected activity concerning her alleged disability. Although neither the Supreme Court nor the Fourth Circuit has specifically addressed whether Congress validly abrogated sovereign immunity under Title V of the ADA, this Court considered that issue in *Cook v. Springfield Hospital Center,* Civil No. ELH-16-2024, 2016 WL 6124676, at * 7 (D. Md. October

---

[1] Although Ms. Broadway alleges discrimination based on age (Amend. Compl. at ¶ 9), she makes no specific factual allegations supporting this claim and identifies no legal theory upon which such claim is based. Thus, she fails to state a claim entitling her to relief for alleged age discrimination. Ms. Broadway also claims discrimination based on marital status (Amend. Compl. at ¶ 9), alleging that she was denied "an emergency contact as part of her accommodations," which she claimed was crucial for her as a "single woman living abroad." Amend. Compl. at ¶ 30. She does not allege facts showing how she was treated differently in this respect from similarly situated married employees, nor does she identify a legal theory entitling her to recovery for this claim. As such, this claim is similarly deficient.

19, 2016) and concluded that where, as here, Title V claims are predicated on Title I claims, "Congress may not abrogate the states' Eleventh Amendment immunity from Title V claims." *See Cook* at \*7, quoting *Demshki v. Monteith*, 255 F.3d 986, 988-89 (9th Cir. 2001). Because Ms. Broadway's retaliation claim is predicated on alleged violations of Title I of the ADA, and she seeks only monetary damages, her ADA retaliation claim is also barred by the State's Eleventh Amendment immunity and should be dismissed for lack of subject matter jurisdiction.

Ms. Broadway's remaining allegations are insufficient to state a claim for race discrimination, retaliation, or hostile work environment under Title VII. To survive a motion to dismiss a discrimination claim under Title VII, "the complaint must state a plausible claim for relief that permits the court to infer more than the mere possibility of misconduct based upon its judicial experience and common sense. In this regard, while a plaintiff is not required to plead facts that constitute a prima facie case in order to survive a motion to dismiss, factual allegations must be enough to raise a right to relief above the speculative level." *Coleman v. Maryland Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (internal citations and quotations omitted), *aff'd sub nom. Coleman v. Ct. of Appeals of Maryland*, 566 U.S. 30 (2012). The Amended Complaint fails to meet this low threshold.

The Amended Complaint describes Ms. Broadway's dissatisfaction with internal processes at UMGC, followed by a conclusory recitation of the elements of Title VII claims. She alleges that "she is being discharged because of her . . . race" (¶ 9) and that she "has endured workplace harassment, retaliation, and bullying based on . . . race" (¶ 10). She provides no factual support for these conclusions. For example, although she alleges that she "was treated differently from non-African American employees that Defendant employed" (Count I, ¶ 38), she does not identify or refer to any similarly situated employees, nor does she specify how she was treated differently from any purported comparators. None of Ms. Broadway's allegations rise above the conclusory and implausible, the kind of allegations that the Fourth Circuit has held are insufficient to state a claim. *See Coleman*, 626 F.3d at 190-91 (racial discrimination complaint dismissed because it did not "assert facts establishing the plausibility of that allegation" in the absence of specific factual allegations that similarly situated comparators were treated differently).

For the reasons set forth above, the University requests permission to file a motion to dismiss the amended complaint. Thank you for your consideration of this matter.

Sincerely,

*/s/ Patrick D. Sheridan*

Patrick D. Sheridan (Bar No. 27009)
Assistant Attorney General